IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| | : | |
| v. | : | Case No. 23-CR-00073 |
| | : | Jud. Kollar-Kotelly |
| MARVIN A. BUSSIE, | : | Sent. Date: June 28, 2024 |
| | : | |
| Defendant. | : | |
| | : | |

**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

Defendant, Marvin A. Bussie, by and through his counsel, Brian K. McDaniel and The Cochran Firm CD/CRS, respectfully represents that he has reviewed the Pre-sentence Report (PSR) and, in accordance with 18 U.S.C. § 3553(a) and the remedial scheme set forth in *United States v. Booker*, 125 S.Ct. 738(2005), and *United States v. Hughes*, 401 F.3d 540 (4th Cir. 2005), presents this Brief and Position of the Defendant with Respect to Sentencing Factors to aid the Court in determining an appropriate sentence.

On February 23, 2024 the Defendant appeared before this Court and entered a plea of guilty to Count One of the Fourth Superseding Indictment charging him with Conspiracy to Distritbute and Possess With the Intent to Distribute 400 Grams or More of a Mixture or Susbstance Containing a Detectable Amount of Fentanyl in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi) and 846.

Mr. Bussie will now appear before this Court to be sentenced. The central issue before the Court is, what is the appropriate sentence for the Defendant – what sentence would be "sufficient but not greater than necessary" to satisfy the purposes of federal sentencing in the circumstances of this case. See 18 U.S.C. § 3553(a). Mr. Bussie respectfully submits that a sentence of 120 months of imprisonment followed by a five-

year period of supervised release would satisfy the §3553 criteria in this case. In support of this sentencing recommendation, Mr. Bussie asks this Court to consider the following: (1) Mr. Bussie endured a very difficult childhood and did not meaningfully benefit from the presence of his biological father or mother in his life; (2) it is likely that Mr. Bussie's chronic drug and other substance abuse contributed to the anti-social decision making which has resulted in his current exposure; and (3) Mr. Bussie appears to have unresolved and untreated mental health challenges which have frustrated his ability to become a contributing and functional member of our community. For these and other reasons which appear both in the Presentence Investigation Report and herein below, the Defense submits that a sentence of 120 month of incarceration is sufficient but not greater than necessary in this matter.

**I.      The Advisory Sentencing Range**

The Presentence Investigation Report outlines the attending 87 to 108 month guideline sentencing range at paragraph 29 of the report. Mr. Bussie agrees that the base offense level is determined pursuant to USSG §2D1.1 and that the government has agreed to a three level reduction in the offense level for Mr. Bussie's early acceptance of responsibility and pursuant to USSG § 3E1.1(a) and (b). Additionally, Mr. Bussie qualifies as a "Zero-Point Offender" pursuant to USSG § 4C1.1(a)(2)-(9). As a result of the final total offense level of 29 and a criminal history category of I, the guideline range is the previously stated 97 to 108 months of incarceration. However the Defendant acknowledges that the count of conviction is attended by a mandatory minimum sentence of 120 months of imprisonment.

**II.     The Other § 3553 Factors**

2

In the post-Booker era, the sentencing court's duty is to consider all the factors identified in 18 U.S.C. §3553(a) and impose a sentence sufficient, but not greater than necessary" to comply with the four purposes of sentencing set forth in the statute. Those four purposes are the need for the sentence imposed to: (1) reflect the seriousness of the offense, promote respect for the law, and provide just punishment: (2) afford adequate deterrence to criminal conduct; (3) protect the public from further crimes of the defendant; and (4) provide the defendant with needed training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2). In addition, §3553 requires the sentencing court to consider the following factors (in addition to the advisory Guidelines range and any pertinent policy statements issued by the Sentencing Commission) in imposing sentence: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the kinds of sentences available; (3) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (4) the need to provide restitution to any victim(s). 18 U.S.C. § 3553 (a)(1)-(7). For the reasons that follow, we submit that these purposes and factors support the 120 month sentence proposed by the parties.

A. *The nature and Circumstances of Mr. Bussie's Offense*

During the change of plea hearing before this Court, Mr. Bussie acknowledged his participation in a large scale drug conspiracy in which he agreed with others, here in the local area and with co-defendants in Califonia, to possess and possess with intent to distribute counterfeit oxycodone pills which were laced with fentanyl. There is no doubt but that this activity was dangerous and exposed a number of citizens to the potential harm that we now know Fentanyl represents, even in very small amounts. While the investigation

3

into this matter initiated after significant harm was realized by a person who unfortunately succumbed to the use of fentanyl, there is no evidence in the discovery provided by the Govenrment that any of the narcotics for which Mr. Bussie was responsible resulted in this level of harm to any end user. Nonetheless, Mr. Bussie understands that he and his co-conspirators were responsible for large quantities of this substance making it's way to the streets of the District of Columbia. The nature of the offense for which he is now to be sentenced weighs in favor of the 120 month sentence now requested by the parties.

B. *The History and Characteristics of Mr. Bussie*

The history and characteristics of Mr. Bussie support the sentence which the parties request this Court to adopt. Ten years of incarceration is a very long time and would adequately punish Mr. Bussie, especially in light of the fact that this represents Mr. Bussie's first adult conviction. These events obviously did not occur without the influence of the Defendant's early formation. As outlined in the PSR, Mr. Bussie did not benefit from the presence of either his biological mother or father in his life. His mother suffered from both substance abuse and mental health struggles which resulted in her asking a neighborhood friend to take responsibility for the care of her then infant child. Thankfully, Ms. Jamie Harvey agreed to take responsibility for the care and upbringing of Mr. Bussie.

In his teenage years, Mr. Bussie appeared to develop his own struggle with depression and emotional stress which resulted in a brief hospitalization wherein he was formally diagnosed with a stress disorder as a result of his concerns over abandonment. Mr. Bussie was thereafter prescribed a mood stabilizer which he took until 2023 and during his incarceration in connection with this matter. While he apparently never returned to the physical custody of either of his parents, Ms. Harvey commendably and dutifully ensured

4

that Mr. Bussie maintained some level of relationship with both his mother, father and his biological brothers and sisters.

Mr. Bussie is still a very young man and will be only 22 on his birthday in August. While one might reasonably speculate that it was his early childhood displacement and his drug and alcohol use that resulted in the decisions which gave rise to his criminal activity and his current exposure, the potential and achievements of Mr. Bussie reveal an individual with a great deal of ability. He is an accomplished musician with a number of professionally produced songs available for public consumption, and has also organized his own limited liability company for the purpose of his business pursuits. These and the other factors highlighted in the Sentencing Report support the 120 month sentence requested by the parties.

C. *The Need to Provide Restitution to Any Victims*

Restitution does not appear to be a consideration in this matter.

D. *The Purpose of Federal Sentencing*

As noted at the outset, Congress has identified four purposes of federal sentencing that must guide district courts in selecting a sentence within the statutory penalty range. The sentence must be "sufficient, but not greater than necessary" to serve those purposes. With these guideposts in mind, Mr. Bussie respectfully asks this Court to impose a sentence of 120 months of imprisonment, followed by a five-year period of supervised release.

The first purpose of federal sentencing is "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." As discussed above, Mr. Bussie understands that he has been convicted of a serious felony offense. He is ashamed of his conduct which has resulted in his being exposed to the

sentence which the Court is currently contemplating. He respectfully submits that the sentence proposed by the parties provides "just punishment" for his conviction, when the Court considers the additional sentencing elements available.

The second purpose of federal sentencing is "to afford adequate deterrence to criminal conduct." One Hundred and Twenty months of incarceration will send a clear message of deterrence to any one who might consider the commission of a similar offense. We respectfully submit that the proposed sentence is "sufficient but not greater than necessary" to serve the purpose of general deterrence.

The third purpose of federal sentencing is " to protect the public from further crimes of the defendant." In light of the very real and extended sentence that Mr. Bussie is facing, he is and will be deterred from any future criminal activity. His current exposure has impressed upon him the need to remain in compliance with the law.

In conclusion, Mr. Bussie presents before the Court prepared to be sentenced. We respectfully submit that the proposed sentence is fully consistent with the Court's statutory mandate to impose a sentence which is "sufficient, but not greater than necessary" to serve the purposes of federal sentencing.

Respectfully Submitted,

/s/Brian K. McDaniel_____
Brian K. McDaniel, Esq.
The McDaniel Law Group, PLLC
1001 L. Street S.E.
Washington, D.C. 20003
Telephone (202) 331 – 0793

*Counsel for Marvin Bussie*